UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
|---|---|---|---|
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 18]

## I.  INTRODUCTION

On April 13, 2020, Plaintiff Abelardo Martinez, Jr. ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Johnson & Johnson Consumer Inc. ("Defendant"). The Complaint asserts a single claim for violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civil Code § 51 *et seq.* On May 12, 2020, Defendant removed the action to federal court on the basis of diversity jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons the Court **GRANTS** Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following:

Plaintiff is a blind individual who requires screen reading software to read website content and access the internet. Defendant's website, https://www.benadryl.com, contains numerous access barriers that prevent Plaintiff and other blind and visually impaired individuals using screen reading software from gaining equal access to the website. Specifically, Defendant's website is deficient in the following ways: (1) linked images are missing alternative text, which prevents screen reading software from providing a vocal description of images on the website, (2) empty or missing form labels, which result in the form control's function not being presented to the screen reading software, (3) empty links that contain no text, which prevent the purpose of the link from being accessed via screen reading software, and (4) empty headings, which inhibit navigation of the website by those using screen reading software.

Plaintiff requests $4,000 in statutory damages under the Unruh Act. Plaintiff also seeks an injunction requiring Defendant to take all steps necessary to make the website accessible to visually impaired individuals. Plaintiff expressly limits the injunctive relief to require that Defendant expend no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
|---|---|---|---|
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

more than $20,000. Plaintiff also seeks attorneys' fees. Plaintiff expressly limits his total recovery to $74,999.

### III.  JUDICIAL STANDARD

Under 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the complete diversity of the parties and the amount in controversy. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). A removing party's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 88; *see* 28 U.S.C. § 1446(c)(2)(B).

"Along with the complaint, [the court] considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Under the preponderance of evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. Finally, "federal courts permit individual plaintiffs, who are masters of their complaints, to avoid removal to federal court, and to obtain remand to state court, by stipulating to amounts at issue that fall below the jurisdictional requirement." *Standard Fire Ins. Co v. Knowles*, 568 U.S. 588, 595 (2013).

### IV.  DISCUSSION

Plaintiff moves to remand this case to state court. Plaintiff concedes that complete diversity of citizenship exists. The sole issue is whether Defendant has met its burden to show that the amount in controversy exceeds $75,000. Defendant argues that the combination of statutory damages, injunctive relief, and attorneys' fees sought by Plaintiff will exceed the jurisdictional threshold. The Court examines each type of relief sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

### A. Statutory Damages

Cal. Civil Code § 52(a) permits an award of statutory damages "in no case less than $4,000" for violations of the Unruh Act. Here, the Complaint seeks $4,000 in statutory damages and no actual damages. Defendant's calculation of the amount in controversy in the Notice of Removal estimates an award of $4,000 in statutory damages. Thus, the Court finds that the statutory damages are likely to be no more than $4,000.

### B. Injunctive Relief

When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.*

In a case involving almost identical facts decided recently in this district, the district court found that the plaintiff could not expressly limit the cost of injunctive relief to that sought in the complaint. *Martinez v. Epic Games, Inc.*, No. CV 19-10878-CJC (PJWx), 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020).[1] The court explained that it was "highly skeptical that Plaintiff's disclaimer would have any effect at all. Defendant would have no choice but to comply with the injunction ordering it to change its website, regardless of whether the cost of doing so would exceed Plaintiff's self-imposed $20,000 ceiling." *Id.*

Here, although it is true that Plaintiff can stipulate to limit the recovery of damages in an effort to avoid federal jurisdiction, *Standard Fire Ins. Co.*, 568 U.S. at 595, the Court agrees with the reasoning found in *Martinez* and concludes that Plaintiff cannot expressly limit the cost of injunctive relief. If Plaintiff prevails in this case, and injunctive relief is granted, the cost will be out of Plaintiff's control.

The Court thus turns to whether Defendant has carried its burden to show by a preponderance of the evidence that the injunctive relief will cost enough to carry the amount in controversy over the jurisdictional threshold. Both parties have submitted evidence of the estimated cost of injunctive relief in

---

[1] The Court notes that *Martinez* appears to involve the same Plaintiff and the same Plaintiff's counsel as this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
|---|---|---|---|
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

this case. Defendant asserts in the Barton Declaration attached to the Notice of Removal that the cost of initial compliance of injunctive relief "could very likely exceed $20,000 and could be more than that amount depending on an analysis of the website." (Barton Decl. ¶ 10, ECF No. 1–1.) Defendant further asserts that "Plaintiff's pleading seeks compliance not just at a single point in time but on an ongoing basis. These ongoing compliance efforts, according to publicly available consultant websites, could be $5,000 to $50,000 per year depending on the applicable standard and the website changes, updates and content. A well-known website accessibility consultant, Atilus, provides an estimate of $500 to $1,000 per month (or $6,000 to $12,000 per year) for ongoing compliance." (*Id.* ¶ 11.) Defendant estimates the total cost of initial compliance anywhere between $10,000 and $50,000, and the total cost of ongoing compliance for three years somewhere between $18,000 and $36,000. (*Id.* ¶ 13.)

Plaintiff argues that Defendant's evidence is insufficient. As Plaintiff points out, Defendant's estimates do not consider the specific access barriers that would need to be changed on Defendant's website to make it accessible to blind users. Plaintiff, in contrast, produced a declaration from a website remediation vendor estimating the total cost of initial <u>and</u> ongoing maintenance for the exact changes sought by Plaintiff at $14,300. (Jones Decl. ¶ 4, ECF No. 18–2.)

The court's reasoning in *Martinez* and *Baracco v. Brooks Brothers Groups, Inc. et al.*, No. CV 18-9208-PSG (JPRx), 2019 WL 276840 (C.D. Cal. Jan. 22, 2019) is instructive. In *Martinez*, the plaintiff's complaint purported to limit the requested injunctive relief to $20,000. *Martinez*, 2020 WL 1164951, at *3. In response, the defendant submitted a declaration from its engineering director, who stated that the only way to comply with this injunction would be to hire a full-time employee at a salary of $100,000 per year. *Id.* Ultimately, the court still found that defendant failed to carry its burden of proof because it did not adequately explain why it would be necessary to hire a full-time employee at this rate in order to comply with the injunctive relief sought by plaintiff. *Id.*

In *Baracco*, a case involving almost identical facts, the plaintiff sought to expressly limit the cost of injunctive relief to $15,000. *Baracco*, 2019 WL 276840, at *2. In response, the defendant submitted a declaration suggesting that it would cost $150,000 to update its website to make it more accessible. *Id.* at *3. The Court found that the defendant failed to meet its burden of proof because the declaration did not indicate how much of the $150,000 would go towards fixing the specific access barriers alleged by plaintiff. *Id.* The Court explained that it "cannot estimate, with any reasonable basis, how much of the $150,000 accounted for such work. It may very well be that the actual cost of making the website more accessible to visually impaired individuals accounted for only a small portion of the total amount." *Id.* The Court went on to hold that "[a]lthough the Court does not doubt that an overhaul of a global retail website may cost a significant amount, without more substantive evidence of how much it would cost to implement the injunctive relief Plaintiff seeks, the Court has no choice but to credit Plaintiff's limitation of $15,000 for the cost of injunctive relief." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

Here, as in *Martinez* and *Baracco*, the Court finds that Defendant has failed to satisfy its burden to show that the cost of the injunctive relief will exceed $20,000. Indeed, Defendant has not set forth evidence of the cost of fixing the specific access barriers alleged in the Complaint, but has instead provided generalized estimates. (Barton Decl. ¶ 11); *see Baracco*, 2019 WL 276840, at *3. Defendant does not appear to have consulted with a vendor as to the costs of updating the website. (Barton Decl. ¶ 10.) Without more substantive evidence that the cost of the injunctive relief sought in this case will exceed $20,000, the Court credits the Complaint's assertion, as supported by the Motion to Remand and the Jones Declaration, that the injunctive relief will cost no more than $20,000.

    **C.**    **Attorneys' Fees**

The court must include future attorneys' fees recoverable by statute when assessing whether the amount in controversy requirement is met. *Fritsch*, 899 F.3d at 794.

Here, the Complaint expressly limits Plaintiff's recovery such that the combined total of the injunctive relief, statutory damages, and attorneys' fees does not exceed $74,999. Thus, if Plaintiff is seeking $4,000 in damages and $20,000 in injunctive relief, it follows that the Complaint attempts to expressly limit Plaintiff's recovery of attorneys' fees to no more than $50,999. Defendant contends that Plaintiff cannot limit the amount he recovers in attorneys' fees and argues that, even under the most conservative estimates, Plaintiff's attorneys' fees alone will exceed $75,000. In support of this argument, the Barton Declaration asserts that Plaintiff's counsel was recently awarded attorneys' fees at a rate of $875/hr. (Barton Decl. ¶ 7.) Defendant also estimates that Plaintiff's counsel will expend at least 100 hours on this case, resulting in an estimated attorneys' fees award of well over $75,000. (Barton Decl. ¶ 8.) Plaintiff, on the other hand, contends that Defendant's calculation is excessive and too speculative to carry its burden of proof, and furthermore, that Plaintiff's express limitation on the amount of recovery operates as a binding stipulation preventing him from later seeking more in attorneys' fees.

The court's reasoning in *Martinez.* is once again instructive. In *Martinez*, the court concluded that it was proper for the plaintiff to expressly limit his recovery of attorneys' fees and that his express limitation operated as a stipulation preventing the plaintiff from later seeking more in fees. *Martinez*, 2020 WL 1164951, at. *2–3; *see also Rios v. Wirepath Home Systems, LLC*, No. 8:19-cv-01921-JLS-KES, 2019 WL 6715044, at *2 (C.D. Cal. Dec. 10, 2019) (holding "taken together, Plaintiff's Complaint and his reaffirmation of the recovery cap in his papers approximate a binding stipulation, especially because Plaintiff's assertions would 'judicially estop[] [him] from arguing for more than $75,000 in damages.'") (internal citation omitted).

Defendant has not cited to any authority directly holding that it is improper for Plaintiff to stipulate to a limitation on attorneys' fees. In the absence of such authority, the Court is inclined to agree with *Martinez* and *Rios* in finding that Plaintiff's express limitation in the Complaint (and his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04316-RGK-PD | Date | July 8, 2020 |
|---|---|---|---|
| Title | *Martinez, Jr. v. Johnson & Johnson Consumer Inc.* | | |

reaffirmation of that limitation in the Motion to Remand) constitutes a binding stipulation that Plaintiff will not seek additional attorneys' fees beyond the amount stipulated.

In sum, Defendant has not shown by a preponderance of the evidence that the combined cost of injunctive relief, attorneys' fees, and statutory damages will exceed $75,000. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case and remands this action to state court for all future proceedings.

**V.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   _____